Ronald B. CUFFEE, Petitioner,

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 03–3118.

United States Court of Appeals, Federal Circuit.

Sept. 11, 2003.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

PER CURIAM.

Ronald B. Cuffee petitions for review of the December 23, 2002 decision of the Merit Systems Protection Board, Docket No. DC0752030077–l–1, sustaining his indefinite suspension from the position of Rigger. Because the Board did not err in

finding that the Department of the Navy properly placed Cuffee on indefinite suspension after it suspended his security clearance, we *affirm*.

## BACKGROUND

The agency employed Cuffee as a Rigger at the Norfolk Naval Shipyard. On August 8, 2002, after two separate background investigations, Cuffee's security clearance was suspended pending a final determination by the agency's Personnel Security Appeals Board. Because Cuffee's position required a security clearance, he was given Notice of Proposed Indefinite Suspension on September 9, 2002 and thereafter given 15 calendar days to answer. Cuffee made no reply and the agency subsequently issued a written decision of indefinite suspension. Cuffee appealed to the Board.

Cuffee's argument before the Board consisted essentially of an assertion that the suspension of his security clearance was wrong on the merits because he is a reformed man, currently on the "right track." However, neither the Board nor this court has authority to examine the underlying merits of the security clearance determination. *See Department of the Navy v. Egan*, 484 U.S. 518, 526–27, 108 S.Ct. 818, 823–24, 98 L.Ed.2d 918 (1988). When an agency's decision to terminate security clearance is challenged under the provisions of chapter 75 of title 5, the Board is limited to determination of whether a security clearance was denied, whether the security clearance was a requirement of the appellant's position, and whether the procedures set forth in section 7513 were followed. *See id.*

In an initial decision, the administrative judge sustained Cuffee's suspension. The AJ found that the agency had established that a security clearance was required to perform Cuffee's position and that his security clearance had been suspended. The

AJ also found that the agency's procedures when it indefinitely suspended Cuffee met the minimum requirements of due process. The AJ's initial decision became the final decision of the Board when it denied Cuffee's petition for review. *See* 5 C.F.R. § 1201.113(b) (1995).

## DISCUSSION

Our review of a Board decision is limited by statute. *See* 5 U.S.C. § 7703(c) (1994). We may set aside the Board's decision only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *Id.*

On appeal, Cuffee argues that the agency and the Board both failed to protect his civil rights by not looking into his case further. He further asserts that the Board was biased against him. However, the underlying facts concerning an agency decision to revoke an employee's security clearance are not reviewable by the Board or this court. *See Egan.*

The agency provided Cuffee with the notice and opportunity to respond that are required by *Egan.* He chose not to answer. The facts surrounding his security clearance were reviewed by the Personnel Security Appeals Board, which found that Cuffee's security clearance should be suspended. Based upon that finding and the undisputed fact that Cuffee's position required a security clearance, the agency concluded that the charges set forth in the notice had been established and thereafter placed Cuffee on indefinite suspension. For these reasons, the Board did not err in sustaining the agency's indefinite suspension of Cuffee.